UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

XIAOLEI WANG,

Petitioner,

v.

*WARDEN OF NORTHWEST ICE PROCESSING CENTER, et al.*,

Respondents.

Case No. C26-2933-MLP

ORDER

Petitioner Xiaolei Wang is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He filed this 28 U.S.C. § 2241 habeas action, *pro se*, asserting his redetention on July 31, 2026 without first receiving notice and a hearing violated his due process rights under the Fifth Amendment. (*See generally* dkt. # 1.) He seeks immediate release from custody or, alternatively, an individualized custody hearing before a neutral decisionmaker. (*Id.* at 15.) Respondents filed a return (dkt. # 6), together with supporting declarations from U.S. Department of Homeland Security ("DHS") Deportation Officer Nhat Truong (dkt. # 7) ("Truong Decl.") and their counsel Jennifer Wong (dkt. # 8) ("Wong Decl."). Petitioner did not

file a reply. Having considered the parties' submissions, the governing law, and the balance of the record, the Court DENIES the petition (dkt. # 1) for the reasons set forth below.[1]

## I. BACKGROUND

Petitioner is a native and citizen of The People's Republic of China who entered the United States near San Luis, Arizona on or around June 29, 2023. (Dkt. # 1, ¶¶ 1, 11.) DHS encountered Petitioner that day, issued him a Notice to Appear ("NTA") charging inadmissibility, and placed him in removal proceedings. (Truong Decl., ¶ 4; Wong Decl., ¶ 2, Ex. 2.)

On July 12, 2023, Petitioner was released on an Order of Release on Recognizance ("OREC") with conditions of release, including that Petitioner must not violate any federal, state, or local laws. (Dkt. # 1, ¶ 14; Truong Decl., ¶ 5; Wong Decl., ¶ 2, Ex. 3.) While released from custody, Petitioner established residence in Washington State, filed an asylum application, obtained employment authorization, and worked in construction. (Dkt. # 1, ¶¶ 16-17, 19-27.) He also established active ties with a Seattle-based church where he regularly participates in available programming. (*Id.* ¶¶ 31-38.)

Respondents attest that on June 8, 2024, Petitioner was arrested by the Bellevue Police Department for driving under the influence ("DUI"). (Truong Decl., ¶ 6.) Petitioner acknowledges that on or around June 8, 2024, he committed an offense resulting in a conviction for reckless driving in Washington State. (Dkt. # 1, ¶¶ 39-41, Ex. G.) King County District Court imposed conditions and Petitioner completed compliance monitoring for 24 months. (*Id.* ¶¶ 42-44.)

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 4.)

On July 31, 2026, Petitioner attended a scheduled check-in at the ICE Enforcement and Removal Operations ("ERO") Seattle Field Office. (Dkt. # 1, ¶ 49; Truong Decl., ¶ 7.) DHS documents show that on the day of Petitioner's check-in, they "conducted routine system queries," which confirmed Petitioner's arrest for DUI on June 8, 2024. (Truong Decl., ¶ 7; Wong Decl., ¶ 2, Ex. 1 at 3). The Seattle ERO "conducted a custody redetermination" and determined Petitioner's OREC should be terminated "based on his criminal conduct" in violation of OREC conditions. (Dkt. # 6 at 2; Wong Decl., ¶ 2, Ex. 1 at 3-4.) Petitioner was subsequently taken into ICE custody and transferred to the NWIPC where he is currently detained. (Dkt. # 1, ¶ 51; dkt. # 6 at 2.) Petitioner asserts that his removal proceedings are currently pending before the Seattle Immigration Court and have not yet resulted in a final order of removal. (Dkt. # 1, ¶¶ 15, 18.)

On August 20, 2026, through counsel, Petitioner requested a bond hearing before an Immigration Judge ("IJ"), which was subsequently scheduled for September 8, 2026. (Truong Decl., ¶¶ 8-9.) This Court ordered Respondents to provide a status update on Petitioner's custody and the results of the bond hearing. (*See* dkt. # 9.) Respondents reported that Petitioner's bond hearing was held September 8, 2026, and the IJ denied bond due to lack of jurisdiction. (Dkt. # 10.) In the alternative, the IJ denied bond because he found Petitioner "is a danger to the community and/or a flight risk." (*Id.*)

## II. LEGAL STANDARDS

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). This authority extends to challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A petitioner may obtain relief by showing that she is "in custody in violation of the Constitution or laws or treaties of the

United States[.]" 28 U.S.C. § 2241(c). The petitioner bears the burden of proof by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

## III. DISCUSSION

Petitioner contends his redetention violated his Fifth Amendment right to procedural due process and seeks immediate release. (Dkt. # 1 at 11-13.) Alternatively, Petitioner requests an individualized custody hearing before a neutral decisionmaker. (*Id.*) Respondents argue that his redetention was mandatory, and that any relief should be limited to ordering a bond hearing. (Dkt. # 6 at 5-6, 9-10.)

### A. Statutory Detention Authority

As noted above, Respondents argue that Petitioner is lawfully detained under 8 U.S.C. § 1225(b). (Dkt. # 6 at 5.) However, the Court need not consider whether there is a lawful statutory basis for Petitioner's current detention. "[T]he fact that the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process." *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1137 (W.D. Wash. 2025). As the Court reasonably construes the petition here as one challenging Petitioner's re-detention in July 2026 on due process grounds, Respondents' arguments regarding their statutory authority to detain Petitioner are irrelevant and the Court need not consider them. *See Sarwari v. Wamsley*, 2026 WL 279968, at *3 (W.D. Wash. Feb. 3, 2026). The Court now turns to Petitioner's due process claim.

### B. *Mathews* and Due Process

Due process protections extend to all persons within the United States, including noncitizens, regardless of immigration status. *Zadvydas*, 533 U.S. at 693. Procedural due process requires meaningful notice and a genuine opportunity to be heard before the government

infringes a protected liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). In immigration detention cases, courts in this Circuit apply the *Mathews* balancing test, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the government's countervailing interest, including fiscal and administrative burdens. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *see E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 n.4 (W.D. Wash. 2025) (collecting cases). The Court applies this test below.

*1. Private Interest*

Turning to the first *Mathews* factor, an individual's interest in remaining free from detention is "the most elemental of liberty interests," *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004), and "individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty." *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. Mar. 3, 2025). Here, it is undisputed that Petitioner was released on an OREC to live in the United States and did so for approximately three years. It is evident, and Respondents do not disagree, dkt. # 6 at 7, that Petitioner possessed a liberty interest at the time of his redetention. It is also undisputed that Petitioner's OREC required abstaining from committing any crimes, and that Petitioner was arrested for DUI and convicted of reckless driving. (Dkt. # 1, Ex. G; Wong Decl., ¶ 2, Ex. 1 at 4, Ex. 3 at 4.) Accordingly, this Court acknowledges, as others have, that the first *Mathews* factor may not weigh "as strongly" for Petitioner, "as it would for an individual without any indication of materially changed circumstances as may be relevant to the assessment of dangerousness or flight risk." *Reyes v. Hermosillo*, 2026 WL 507678, at *5 (W.D. Wash. Feb. 24, 2026); *Sandhu v. Noem*, 2026 WL

607701, at *2 (W.D. Wash. Mar. 4, 2026) (finding petitioner's individual interest "not as strong" where petitioner was arrested and charged with reckless driving after his initial release).

*2. Risk of Erroneous Deprivation*

The Court next considers the risk of an erroneous deprivation and the value of additional safeguards. Respondents argue the risk is minimal where Petitioner did not have lawful status in the United States, and his "criminal arrest is an objective violation of his OREC." (Dkt. # 6 at 8.) Petitioner acknowledges his arrest and conviction for reckless driving and provided this Court with a copy of his Order of Judgment and Sentencing. (Dkt. # 1, ¶¶ 39-41, Ex. G). He argues, however, that the risk of erroneous deprivation is "substantial" where he was not given a meaningful opportunity, before redetention, to present evidence of his "employment, housing, church participation, immigration-court compliance, work authorization and other evidence bearing upon flight risk or danger." (Dkt. # 1, ¶¶ 53, 61.)

While Petitioner's initial release on his own recognizance for approximately three years strengthened his liberty interest, his arrest for DUI and conviction for reckless driving is evidence of a materially changed circumstance from his initial release. *See Ahmad v. Mullin*, 2026 WL 2689820, at *6 (W.D. Wash. Sept. 14, 2026) ("[P]etitioner's arrest for a crime involving driving under the influence constitutes a change in material circumstance from the circumstances of petitioner's initial release and, given the nature of the crime, could reasonably be seen as presenting circumstance[s] requiring arrest and re-detention, and a post-deprivation hearing.") This is not to say that every allegation comes with a low risk of error, however. *See Moran Corado v. Bondi*, 2026 WL 1113386, at *1, 5 (W.D. Wash. Apr. 24, 2026) (finding risk of error when petitioner was not afforded an opportunity to rebut allegations of an inappropriate relationship with a minor). The Court acknowledges Respondents acted on records showing

Petitioner had been arrested for DUI and were seemingly unaware of Petitioner's associated reckless driving conviction. (Wong Decl., ¶ 2, Ex. 1 at 3.) Acting on unadjudicated allegations alone does come with risk. *Argumedo Acosta v. Hernandez*, 2026 WL 2920566, at *2-3 (W.D. Wash. Sept. 29, 2026) (acknowledging erroneous risk is high when respondents redetained petitioner based on criminal allegations that did not lead to charges or a conviction).

Here, however, Petitioner does not dispute his conviction for reckless driving, nor suggest his conviction did not violate his OREC. His arrest for DUI and conviction are materially changed circumstances. And while Respondents acted on Petitioner's arrest alone, requiring additional safeguards in this case would have only clarified what Petitioner knew and does not dispute: that he had been convicted of a crime, which violated his release conditions. On balance, Respondents' reliance on an arrest may have come with some risk of erroneous deprivation, but additional safeguards would have provided minimal value. The second *Mathews* factor weighs neutral.

*3. Government's Interest*

Under the third *Mathews* factor, the Court evaluates the Government's interest in arresting and detaining Petitioner without a hearing. Respondents argue that Petitioner's violation of OREC conditions, "in a dangerous and risky context no less," underscores the reasonableness of redetaining him without a pre-deprivation hearing. (Dkt. # 6 at 9.) However, the potency of their position is weakened by the fact that Petitioner's arrest and conviction occurred two years before Petitioner's July 31, 2026 check-in and redetention. (Wong Decl., ¶ 2, Ex. 1 at 3.) The record does not confirm whether other check-ins occurred before July 2026.

While the government has legitimate interests in enforcing immigration laws, protecting the community, and ensuring noncitizens appear for proceedings, Respondents identify no

concrete way in which providing a brief pre-deprivation or post-deprivation custody hearing would materially impede its articulated interests here. Custody and bond hearings are routine, and courts have found the incremental burden modest compared to the risk and consequences of erroneous detention. *See*, *e.g.*, *E.A. T.-B.*, 795 F. Supp. 3d at 1324; *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). Accordingly, the third *Mathews* factor slightly favors Petitioner.

Balancing the *Mathews* factors, the Court concludes that Respondents' redetention of Petitioner did not comply with due process. The issue now is to determine what relief, if any, is warranted.

*4. Remedy*

Petitioner asks the Court to order his release under appropriate conditions or order a prompt individualized hearing before a neutral decisionmaker where the government bears the burden of establishing Petitioner's detention is necessary. (Dkt. # 1, ¶¶ 67-76.) Respondents argue that if the *Mathews* factors favor Petitioner, the appropriate remedy is a post-deprivation hearing. (Dkt. # 6 at 9-10.) The Court agrees that, given the facts of Petitioner's case, a prompt post-deprivation hearing would be consistent with due process. *See Reyes*, 2026 WL 507678, at *5; *Sandhu*, 2026 WL 607701, at *2.

However, Petitioner did receive a bond hearing during the pendency of this case, where the IJ denied bond first for lack of jurisdiction, and alternatively for danger/flight risk. (Dkt. # 10-1 at 1-2.) Petitioner does not challenge the IJ's discretionary bond decision in the instant petition. [2] So, while the Court finds that Petitioner's initial detention without notice and an

[2] Challenges to an IJ's denial of bond may be brought in a separate habeas petition. *See Montiel Moreno v. Hernandez*, 2026 WL 1906522 (W.D. Wash. June 18, 2026); *Rodriguez-Pineda v. Hernandez*, 2026 WL 2321531 (W.D. Wash. Aug. 11, 2026).

opportunity to be heard did not comport with due process, the appropriate remedy here—a post deprivation hearing—has already occurred. Because the Petitioner has received the relief sought in his habeas petition that the Court would grant, his Petition is now moot. *See Flores-Torres v. Mukasey*, 548 F.3d 708, 710 (9th Cir. 2008) (dismissing as moot a petitioner's challenge to detention without an individualized bond hearing after one was held); *Kanyiri v. Clark*, 2010 WL 883695 (W.D. Wash. Mar. 10, 2010) (granting the government's motion to dismiss, and denying as moot the petitioner's motion for voluntary dismissal, where the petitioner received an individualized bond hearing after filing his petition requesting the same).

## IV. CONCLUSION

Based on the foregoing, the Court DENIES Petitioner's petition for writ of habeas corpus (dkt. # 1) as MOOT.

Dated this 1st day of October, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge